IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HELEN WIGHT,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS |
| vs. | |
| TANI PAC DOWNING et al.,<br><br>Defendants. | Case No. 1:06-CV-107 TS |

This matter came before the Court on January 29, 2008, on the Individual Defendants'—Defendants Tani Pac Downing, Kristen Cox, and Harold Hess—Motion for Judgment on the Pleadings. In their Motion, the Individual Defendants argue: (1) that the official capacity claims against Downing should be dismissed because she is no longer employed by the Department of Workforce Services ("DWS"); (2) that Plaintiff's Title VII and Age Discrimination in Employment Act ("ADEA") claims should be dismissed against them; and (3) that Plaintiff's 42 U.S.C. § 1983 claims should be dismissed because the Individual Defendants in their official capacities are not "persons" under § 1983 and because they are entitled to qualified immunity. For the reasons discussed below, the Court will grant the Motion in part and will allow Plaintiff an opportunity to amend her Amended Complaint.

1

## I.  STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[1]  The same standard is used when evaluating 12(b)(6) and 12(c) motions.[2]  In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[3]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[4]  All well-pleaded factual allegations in the Amended Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5]  But, the court "need not accept conclusory allegations without supporting factual averments."[6]  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

---

[1]*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[2]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[3]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4]*Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[5]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

## II.  BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint.  Plaintiff is female and over the age of forty.  She has been employed by the State of Utah for over twenty-five years.  Since December 2001, Plaintiff has worked for DWS as an Eligibility Supervisor.

In June 2003, Plaintiff alleges that she became aware that she was being subjected to an adverse employment action, namely that she was not being given pay raises and/or bonuses. Plaintiff alleges that Defendants gave similarly situated male employees and/or employees under the age of forty, with less tenure, more favorable treatment with respect to pay raises and/or bonuses.  Plaintiff alleges that she complained of these actions to her supervisors and managers to no avail.

Plaintiff alleges that on August 13, 2003, Defendant Hess placed concealed electronic monitoring devices in her office, for the sole purpose of justifying firing and/or otherwise disciplining her for her complaints.

Plaintiff alleges that Defendants continued to treat similarly situated male employees and/or employees under the age of forty, with less tenure, more favorably.

Plaintiff's Amended Complaint sets forth six causes of action: (1) a discrimination claim under Title VII; (2) a discrimination claim under the ADEA; (3) a retaliation claim under Title VII; (4) a claim for unlawful interference with her rights to freedom of speech and association; (5) a claim for unlawful interference with her rights to freedom of speech and association, requesting injunctive relief; and (6) a claim for unequal pay under the Unequal Pay Act.

## III.  DISCUSSION

The Individual Defendants argue: (1) that the official capacity claims against Downing should be dismissed because she is no longer employed by DWS; (2) that Plaintiff's Title VII

and ADEA claims should be dismissed against them; and (3) that Plaintiff's § 1983 claims should be dismissed because the Individual Defendants in their official capacities are not "persons" under § 1983 and because they are entitled to qualified immunity.  Each of these arguments will be discussed in turn.

A.      OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANT DOWNING

Defendants argue, and Plaintiff concedes, that all claims against Defendant Downing in her official capacity should be dismissed as she is no longer employed by DWS.  As a result, these claims will be dismissed.

B.      TITLE VII CLAIMS

    1.      *Individual Capacity Title VII Claims*

Defendants argue, and Plaintiff concedes, that all Title VII claims—Plaintiff's First and Third Causes of Action—should be dismissed against Defendants in their individual capacities. Therefore, these claims will be dismissed.

    2.      *Official Capacity Title VII Claims*

Defendants also argue that Plaintiff's Title VII claims against them in their official capacity should be dismissed.  Defendants argue that the action must proceed against the employer, in this case DWS.  Plaintiff opposes this, arguing that she may proceed against Defendants in their official capacity.  Defendants concede that Plaintiff may proceed against them in their official capacity, but argue that DWS is the more appropriate party.

As noted above, the parties agree that Plaintiff's Title VII claims should be dismissed against the Individual Defendants in their individual capacities.  The Tenth Circuit has held that "[u]nder Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate.  'The relief granted under Title VII is against the *employer*, not

4

individual employees whose actions would constitute a violation of the Act.'"[8]  Therefore, it is appropriate to sue employers in Title VII actions, either by naming the supervisory employees as agents of the employer or by naming the employer directly.[9]

Here, Plaintiff has brought her Complaint against both the supervisory employees and the employer directly.  While Defendants argue that this is redundant, Plaintiff may bring her Title VII claim against individuals in their official capacity.  Thus, Defendants' Motion will be denied on this ground.

C.    ADEA CLAIM

The Individual Defendants argue that Plaintiff's ADEA claim—Plaintiff's Second Cause of Action—should be dismissed against them.  In a footnote, Defendants also argue that Plaintiff's ADEA claim against DWS should be dismissed on Eleventh Amendment grounds.

*1.    Individual Capacity*

The Tenth Circuit has held "that the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition."[10]  The Tenth Circuit has cited with approval cases from other circuits which have held that individual capacity cases are also not appropriate under the ADEA.[11]  As a result of this case law, the Court

---

[8]*Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).  *See also Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (stating that "personal capacity suits against individual supervisors are inappropriate under Title VII.").

[9]*Sauers*, 1 F.3d at 1125.

[10]*Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999).

[11]*Id.* (citing *Smith v. Lomax*, 45 F.3d 402, 403 n.4 (11th Cir. 1995) and *Miller v. Mawell's Int'l, Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) *cert. denied sub nom Miller v. LaRosa*, 510 U.S. 1109 (1994)).  *See also Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 511 (4th Cir. 1994)

finds that the Individual Defendants have no individual liability under the ADEA.  These claims

will be dismissed as against the Individual Defendants in their individual capacities.

       2.      *Official Capacity and Defendant DWS*

The Eleventh Amendment states: "The Judicial power of the United States shall not be

construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."[12]

The Eleventh Amendment bars suits for damages against a state in federal court, absent a

waiver of immunity by the state.[13]  The Supreme Court has held that Eleventh Amendment

immunity applies to claims brought under the ADEA.[14]

The Eleventh Amendment forecloses any claim for money damages against Defendants

in their official capacities,[15] as well as against Defendant DWS.  Therefore, the Court will

dismiss Plaintiff's ADEA claims against the Individual Defendants in their official capacity to

the extent Plaintiff seeks monetary damages.  Additionally, the Court will dismiss this claim

against Defendant DWS.

---

(holding that ADEA limits civil liability to employer and that supervisor was not proper defendant).

    [12]U.S. Const. amend XI.

    [13]*Edelman v. Jordan*, 415 U.S. 651, 663 (1974).

    [14]*Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000).

    [15]*Hunter v. Young*, 238 Fed.Appx. 336, 338 (10th Cir. 2007) ("It is well-settled that a request for money damages against a state defendant in his official capacity is generally barred by the Eleventh Amendment to the Constitution.").

D.      SECTION 1983 CLAIMS

    1.      *Official Capacity § 1983 Claims*

Defendants argue, and Plaintiff concedes, that all § 1983 claims—Plaintiff's Fourth and Fifth Causes of Action—should be dismissed against Defendants in their official capacities. Therefore, these claims will be dismissed.

    2.      *Individual Capacity § 1983 Claims Against Defendants Downing and Cox*

"To prevail on a claim for damages for a constitutional violation pursuant to 42 U.S.C. § 1983, a plaintiff must establish the defendant acted under color of state law and caused or contributed to the alleged violation."[16]  A plaintiff must show that the defendant personally participated in the alleged violation.[17]  Conclusory allegations are not enough to satisfy this burden.[18]

Plaintiff has made no more than conclusory allegations concerning Defendants' Downing and Cox participation in the alleged violation of her First Amendment rights.  Plaintiff has failed to allege that these two Defendants personally participated in the alleged violation.  Thus, these claims will be dismissed without prejudice.  Plaintiff will be allowed to amend her Amended Complaint to add allegations concerning the personal participation of Defendants Downing and Cox in any alleged violation of her constitutional rights.

---

[16]*Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

[17]*Id*.

[18]*Id*.

3.      *Qualified Immunity*

Defendants also argue that they are entitled to qualified immunity on Plaintiff's

individual capacity § 1983 claims.  It is unnecessary to rule on the qualified immunity issue,

however, because, as discussed below, Plaintiff has failed to set forth sufficient allegations to

state a First Amendment claim.

a.      *Freedom of Speech Retaliation Claim*

Analysis of a freedom of speech retaliation claim is a five step inquiry referred to as the

*Garcetti/Pickering* analysis.[19]

> If the employee speaks pursuant to his official duties, then there is no
> constitutional protection because the restriction on speech simply reflects the
> exercise of employer control over what the employer itself has commissioned or
> created.  Second, if an employee does not speak pursuant to his official duties, but
> instead speaks as a citizen, the court must determine wether the subject of the
> speech is a matter of public concern.  If the speech is not a matter of public
> concern, then the speech is unprotected and the inquiry ends.  Third, if the
> employee speaks as a citizen on a matter of public concern, the court must
> determine whether the employee's interest in commenting on the issue outweighs
> the interest of the state as employer.  Fourth, assuming the employee's interest
> outweighs that of the employer, the employee must show that his speech was a
> substantial factor or a motivating factor in [a] detrimental employment decision.
> Finally, if the employee establishes that his speech was such a factor, the
> employer may demonstrate that it would have taken the same action against the
> employee even in the absence of the protected speech.  The first three steps are to
> be resolved by the district court, while the last two are ordinarily for the trier of
> fact.[20]

The only issue here is whether Plaintiff spoke on a matter of public concern.  "In deciding

whether a particular statement involves a matter of public concern, the fundamental inquiry is

_____

[19]*Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202 (10th Cir.
2007) (citing *Garcetti v. Ceballos*, ---U.S. ---, 126 S.Ct. 1951 (2006); *Pickering v. Bd. of Educ.*,
391 U.S. 563 (1968)).

[20]*Id*. at 1202–03 (quotation marks and citations omitted).

whether the plaintiff speaks as an employee or as a citizen."[21]  In determining whether the speech at issue is on a matter of public concern, "courts must consider the 'content, form, and context of a given statement, as revealed by the whole record.'"[22]  "'The court will also consider the motive of the speaker to learn if the speech was calculated to redress personal grievances [and therefore spoken as an employee] or to address a broader public purpose [and therefore spoken as a citizen].'"[23]  "Generally, speech involves a matter of public concern when it is of interest to the community, whether for social, political, or other reasons, rather than a matter of mere personal interest to the speaker."[24]  "Speech relating to internal policy disputes and working conditions does not touch upon matters of public concern."[25]

The Tenth Circuit has held that the following are not matters of public concern: speech regarding grievances about internal departmental affairs,[26] disputes over the term of employment,[27] and workplace frustration.[28]  Additionally, the Tenth Circuit recently held that a plaintiff's "complaint about their own salaries and bonuses are . . . matters of personal concern" and are thus, not matters of public concern.[29]

---

[21]*David v. City and County of Denver*, 101 F.3d 1344, 1355 (10th Cir. 1996).

[22]*Id.*  (quoting *Connick v. Myers*, 461 U.S. 138, 147–48 (1983)).

[23]*Id.* (quoting *Workman v. Jordan*, 32 F.3d 475, 483 (10th Cir. 1994)).

[24]*Bass v. Richards*, 308 F.3d 1081, 1089 (10th Cir. 2002) (quotation and citation omitted).

[25]*Id.*

[26]*Hom v. Squire*, 81 F.3d 969, 974 (10th Cir. 1996).

[27]*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1233–34 (10th Cir. 1998).

[28]*McEvoy v. Shoemaker*, 882 F.2d 463, 466 (10th Cir. 1989).

[29]*Brammer-Hoelter*, 492 F.3d at 1206.

Plaintiff's Amended Complaint alleges that Plaintiff was not being given pay raises and/or bonuses[30] and that similarly situated male employees and/or employees under forty, with less tenure, were receiving more favorable treatment with respect to pay raises and/or bonuses.[31] Plaintiff alleges that she complained several times to her supervisors and managers concerning this alleged discrimination, to no avail.[32]   Plaintiff alleges that Defendant Hess "plac[ed] concealed electronic monitoring devices in [her] office, for the sole purpose of justifying firing and/or otherwise disciplining [her] for her aforesaid complaint of unlawful gender and age discrimination and/or for engaging in free speech and association."[33]   Additionally, Plaintiff alleges that Defendants "took retaliatory action against Plaintiff for engaging in free speech and for associating with co-employees for the purpose of protecting her legal rights"[34] and "Defendants' actions . . . had a chilling effect on Plaintiff['s] and others['] civil right to engage in freedom of speech and association . . . ."[35]

Considering Plaintiff's statements in the context in which they were made, the Court finds that Plaintiff's Amended Complaint fails to allege that she spoke on a matter of public concern.  According to her Amended Complaint, Plaintiff complained to her supervisors that other employees were receiving more favorable treatment with respect to pay raises and/or

---

[30]Docket No. 16, at ¶ 15.

[31]*Id*. at ¶ 16.

[32]*Id*. at ¶ 17.

[33]*Id*. at ¶ 18.

[34]*Id*. at ¶ 33.

[35]*Id*. at ¶ 34.

bonuses.  This was a matter of mere personal interest to Plaintiff.  Plaintiff does not allege in her Amended Complaint that she spoke out for anyone other than herself or that she was seeking to remedy alleged discrimination against herself as well as others.  Nor does she allege that Defendants retaliated against her for speaking out on behalf of others.  Rather, Plaintiff's Amended Complaint only alleges that she complained to her supervisors about allegedly discriminatory action taken against her.  As the Tenth Circuit has recently stated, complaints about one's own salary and bonuses are matters of personal concern.[36]

Based on this, the Court finds that Plaintiff has not sufficiently set forth a freedom of speech claim because she has failed to allege that she spoke on a matter of public concern. Therefore, the Court will dismiss Plaintiff's freedom of speech claim without prejudice.  The Court will provide Plaintiff an opportunity to amend her Amended Complaint to attempt to set forth a freedom of speech claim.

b.     *Freedom of Association Claim*

Plaintiff's freedom of association claim is similar to her freedom of speech claim.  It therefore collapses into the discussion above concerning her free speech claim.[37]

IV.  CONCLUSION

As set forth above, the Court will: dismiss Plaintiff's claims against Defendant Downing in her official capacity; dismiss Plaintiff's Title VII claims (First and Third Causes of Action) against Defendants in their individual capacities; dismiss Plaintiff's ADEA claim (Second Cause of Action) against Defendants in their individual capacities, as well as in their official capacities

---

[36]*Brammer-Hoelter*, 492 F.3d at 1206.

[37]*Schalk v. Gallemore*, 906 F.2d 491, 498 (10th Cir. 1990).

to the extent Plaintiff seeks money damages; dismiss Plaintiff's ADEA claim against Defendant

DWS; dismiss Plaintiff's § 1983 claims (Fourth and Fifth Causes of Action) against the

Individual Defendants in their official capacities; dismiss Plaintiff's § 1983 claims (Fourth and

Fifth Causes of Action) against the Individual Defendants in their individual capacities without

prejudice; and allow Plaintiff to amend her Amended Complaint.

It is therefore

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 34) is

GRANTED IN PART, as set forth above.  It is further

ORDERED that Plaintiff amend her Amended Complaint within thirty (30) days of this

Order.

DATED   January 31, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge